IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID E. PEAVY, JR., | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. |
| | : | **5:07-CV-285 (CDL)** |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff herein filed an application for disability insurance benefits on May 13, 2005. The Social Security Administration denied the claim initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on July 25, 2006. The ALJ then entered an order denying plaintiff's claim on October 10, 2006. Plaintiff sought review of that decision before the Social Security Appeals Council. In May of 2007, the Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if

supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an

impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairment of degenerative disease of the lumbar spine, cervical spondylosis, hypertension, and chronic obstructive pulmonary disease, but that he retained the residual functional capacity to perform his past relevant work as a light truck driver.

*Treating Physicians*

Plaintiff argues the ALJ should have given controlling weight to the opinions of his treating physicians, Dr. Rantz and Dr. Matovu.

The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician. See Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985). "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986). Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented, the treating physician's opinion cannot be discounted. Scnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). Moreover, the ALJ cannot substitute his opinion for that of a medical expert. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

However, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence. Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990). While such opinions must not

3

be disregarded, they can never be entitled to controlling weight or given special significance. They must be evaluated in light of the applicable factors in 20 C.F.R. § 404.1527(d), 416.927(d), including the degree to which the opinion provides supporting explanations and are consistent with the record when viewed as a whole.

In the instant case, Dr. Rantz opined in a form dated July 18, 2006, that plaintiff's COPD resulted in essentially disabling limitations, including an inability to sit/stand/walk for a full 8-hour work day, and a need to take daily hour-long rest breaks (Tr. 421). Dr. Rantz also composed a "to whom it may concern" letter dated July 17, 2006, that due to his worsening lung condition, plaintiff was "medically disabled with a poor prognosis for the future" (Tr. 411). The ALJ rejected the extreme limitations expressed by Dr. Rantz as inconsistent with the objective clinical studies and the fact that plaintiff persisted in smoking despite advice from Dr. Rantz and other medical sources to stop (Tr. 111).

In a "residual functional capacity assessment" dated May 19, 2006, Dr. Matovu also indicated that plaintiff had significant functional limitations, including an inability to lift or carry up to 10 pounds, due to neck pain, carpal tunnel syndrome, headaches, and side effects from medications (Tr. 358-365). Dr. Matovu's signature on this document is illegible (Tr. 365) and the ALJ gave little evidentiary weight to the statement from the "undecipherable source" (Tr. 110).

However, as noted by plaintiff (Pl.'s Br. at 15), plaintiff's representative identified the source as Dr. Matovu during the administrative hearing. (Tr. 470, 486). The Commissioner's regulations provide that when the evidence received from a treating physician is "inadequate" to make a disability determination, the decision maker will first re-contact the appropriate medical

source to determine whether the additional needed information is readily available. See 20 C.F.R. § 404.912(e)(1); see also White v. Massanari, 287 F.3d 903, 908 (10th Cir. 2001) ([I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather, it is the inadequacy of the 'evidence' the ALJ receive[s] from [the claimant's] treating physician that triggers the duty. See [20 C.F.R. § 416.912(e)]."))(first two brackets in original; final brackets added).

It is clear that the ALJ discounted this opinion of plaintiff's functional capabilities at least in part because the source of it was "undecipherable." (Tr. 110). "Apart from any confusion over the source of that statement, the evidentiary value is **further** limited by the lack of objective clinical evidence to support its main assertions that the plaintiff is disabled due to carpal tunnel syndrome, headaches, and side effects from medications." (Emphasis added)(Tr. 110).

The undersigned finds this error to warrant remand. Since the ALJ rejected the assessment at least in part because the source on the document was indecipherable, in addition to the identification of the source at the hearing, it is impossible to tell if the other reasons the ALJ gave for discounting the assessment were based upon substantial evidence.

*Side Effects*

Plaintiff also asserts as error the failure of the ALJ to consider the documented effects of his various medications on his ability to perform his past relevant work as a light truck driver. On that issue, plaintiff testified about having significant side effects from his medications (Tr. 473- 475). Additionally, both Dr. Rantz and Dr. Matovu explicitly concluded that plaintiff would have side effects from the medications that he was taking (Tr. 360, 362, 420).

At the time of plaintiff's hearing, his then representative provided the ALJ with information

regarding the medications that he was taking that demonstrated that the side effects he complained of were typical of those medications prescribed for him (Tr. 423- 461).

Dr. Rantz' assessment form noted that plaintiff's side effects included "dizziness, jittery/nervous, drowsy," and Dr. Matovu included the statement that "medications side effects impair balance" (Tr. 360, 420). Pl.'s Br. at 18, 19.

However, the ALJ stated that his "close review of the record as a whole fails to support the contention that [Plaintiff] has advised his doctors of any significantly restrictive side effects" (Tr. 110).

Social Security Ruling 96-7p addresses the impact of medication side effects on the consideration of a claimant's complaints of pain and other symptoms. In pertinent part, the Ruling states the following:

> When additional information is needed to assess the credibility of the individual's statements about symptoms and their effects, the adjudicator must make every reasonable effort to obtain available information that could shed light on the credibility of the individual's statements. In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms….

Social Security Ruling 96-7p.

The records from plaintiff's doctors do document that plaintiff had side effects from his various medications. In light of the fact that the ALJ found that plaintiff could perform his past relevant work as a light truck driver, and the complained of side effects include dizziness,

6

drowsiness, and impaired balance, this was not a harmless error, and warrants remand.

*New Evidence*

Plaintiff submitted new evidence to the Appeals Council that was not given to the ALJ. Plaintiff alleges that new evidence justifies remand for consideration by the Commissioner. Plaintiff submitted additional evidence to the Appeals Council consisting of progress notes from Dr. Matovu and other sources at the Medical Center of Central Georgia, and records of mental health treatment that followed an episode in December 2006 where plaintiff reportedly made suicidal gestures (Tr. 15-95). See also mental health treatment records attached to plaintiff's brief.

New evidence submitted to the Appeals Council subsequent to the ALJ's decision is part of the administrative record. Keeton v. Dept. of Health and Human Services, 21 F.3d 1064 (11th Cir. 1994). The court may review this additional evidence to determine whether it warrants a remand. 42 U.S.C. § 405(g). To obtain a remand, however, the plaintiff must show that: 1) the evidence is new and noncumulative; 2) the evidence is material; and 3) there was good cause for failure to submit the evidence to the ALJ. Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986). Material evidence is that which has a reasonable possibility of altering the ALJ's decision. Wright v. Heckler, 734 F.2d 696 (11th Cir. 1984).

In light of the fact that the undersigned is recommended that this action be remanded for further consideration of the medication side effects and medical records from plaintiff's treating physician, it would also appear that a consideration of the new evidence submitted to the Appeals Council would be appropriate, as the new evidence may be relevant and material.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED for further consideration**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 16th day of July, 2008.

                                              //S Richard L. Hodge
                                              RICHARD L. HODGE
msd                                       UNITED STATES MAGISTRATE JUDGE